| | |
|---|---|
| **DISTRICT COURT, ADAMS COUNTY, COLORADO**<br><br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: July 16, 2015 3:54 PM<br>FILING ID: A18FBE003F858<br>CASE NUMBER: 2015CV31189 |
| **PLAINTIFF:** Craig Stewart and Roy Stewart, children of the decedent, Patricia Rance<br><br>v.<br><br>**DEFENDANTS:** Haven Behavioral Services of Denver, LLC, aka Vibra Hospital | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff**<br><br>Randall J. Paulsen #10643<br>PAULSEN & ARMITAGE, LLC<br>8704 Yates Drive, Suite 100<br>Westminster, CO 80031<br>Phone:   (303) 426-7336<br>Fax:       (303) 426-7411<br>E-mail    randy@armitagelaw.com | Case No.<br><br>Division |
| **COMPLAINT** ||

COME NOW the Plaintiffs, by and through their attorneys, PAULSEN & ARMITAGE, LLC, and as and for a Complaint against the Defendant, state, allege and aver as follows:

### GENERAL ALLEGATIONS

1.   At all times material to this action, the Plaintiffs were residents and domiciliaries of the State of Colorado, residing at 10801 West Powers Place, Littleton, CO and 6563 West 113th Avenue, Westminster, CO.

2.   At all times material to this action, the Defendant, Haven Behavioral Services of Denver, LLC, aka Vibra Hospital, was located at 8451 Pearl Street, Thornton, Colorado. The registered agent for service for Haven Behavioral Services of Denver, LLC is National Registered Agents, Inc., 1675 Broadway, Suite 1200, Denver, CO 80202.

**EXHIBIT D**

3.  Venue pursuant to Colorado Rule of Civil Procedure 98, is proper in the County of Adams.

4.  Plaintiffs, Roy Stewart and Craig Stewart, are statutorily entitled to bring a claim for wrongful death as a result of the loss of their mother.

5.  At all times material to this Complaint, the Plaintiffs, Craig Stewart and Roy Stewart, were the natural born children of their decedent, Patricia Rance.

6.  On or about July 16, 2013, the plaintiffs' decedent, Patricia Rance, was residing at the Defendant's facility, hereinafter referred to as Vibra Hospital.

7.  While residing at Vibra Hospital, Plaintiff's decedent was shoved to the ground by another patient in the facility, whereupon she was transported to North Suburban Medical Center for evaluation.

8.  After evaluation, Plaintiff's decedent was returned to Vibra Hospital on July 17, 2013, with a diagnosis of minor injuries.

9.  On July 17, 2013, Vibra Staff found Plaintiff's decedent on the floor, the victim of another assault which led to numerous injuries that had not been present the day before, including a severe pelvic fracture, a fracture left hip, a lacerated bladder, and a dislocated shoulder. She was transported to the emergency room for evaluation.

10.  Plaintiff's decedent was eventually transported to Collier Hospice on July 25, 2013, where she was pronounced dead at 11:17 p.m.

11.  Representatives of the Defendant, Vibra Hospital, witnessed the initial assault by an unknown patient. Witnesses determined that Plaintiff's decedent hit her head and suffered a brief period of unconsciousness on July 16, 2013.

12.  Although the records are not very helpful, it appears that Plaintiff's decedent was attacked a second time on July 17, 2013, by the same assailant, a patient at the Defendant, Vibra Hospital.

13.  As a direct, proximate and foreseeable result of the attacks by the patient of the Defendant's facility, the Plaintiff's decedent suffered lethal injuries and was pronounced deceased on July 25, 2013.

WHEREFORE, the Plaintiffs pray following their final Claim for Relief.

**FIRST CLAIM FOR RELIEF**

### (Premises Liability)

14. The Plaintiffs incorporate by reference Paragraphs 1 through 13 of this Complaint as though fully contained herein insofar as they may be applicable.

15. At all times material to this action, the Defendant was a "landowners" as contemplated by C.R.S. §13-21-115, *et seq.* and were in possession of real property with responsibility for the condition of real property and for the activities conducted or circumstances existing on the real property.

16. At all times material to this action, the Plaintiffs' decedent was an invitee of the Defendant, Vibra Hospital.

17. The Defendant, Vibra Hospital, owed a duty to the Plaintiffs' decedent to protect her from dangers of which they were aware or reasonably should have been aware.

18. On July 16, and 17, 2013, the Defendant, Vibra Hospital, knew and/or reasonably should have known of the dangerous propensities of numerous patients who suffered from dementia/Alzheimer and were prone to violent outbursts.

19. On July 16, 2013, Plaintiffs' decedent was assaulted requiring hospitalization, however, she was returned to Vibra Hospital after being evaluated for relatively minor injuries.

20. On July 17, 2013, Plaintiffs' decedent was returned to the hospital after what appears to be a second assault, this time with a severely fractured pelvis, a bladder laceration, a dislocated shoulder and other injuries which cumulatively proved fatal.

21. Upon release from the hospital after the second assault, Plaintiffs' decedent was sent to hospice.

22. As a direct, proximate and foreseeable result of the actions of the Defendant and its agents, Plaintiffs' decedent lost her life.

WHEREFORE, the Plaintiffs pray for judgment in their favor and against the Defendant, in an amount to be determined by the trier of fact, including, but not limited to, emotional distress, grievous loss, interest, costs, and funeral and burial expenses.

PLAINTIFF HEREBY REQUESTS A TRIAL TO A JURY OF SIX.

Dated this 16th day of July, 2015.

Respectfully submitted,

By: _____
Randall J. Paulsen

Plaintiffs' Address:
Craig Stewart
6563 W. 113th Avenue
Westminster, CO 80020

Roy Stewart
10801 W. Powers Place
Littleton, CO 80127