| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: August 27, 2015 1:35 PM<br>FILING ID: A1904BB454914<br>CASE NUMBER: 2015CV31189 |
| **PLAINTIFF:** Craig Stewart and Roy Stewart, children of the decedent, Patricia Rance<br><br>v.<br><br>**DEFENDANTS:** Haven Behavioral Services of Denver, LLC, and Vibra Hospital of Denver, LLC | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff**<br><br>Randall J. Paulsen #10643<br>PAULSEN & ARMITAGE, LLC<br>8704 Yates Drive, Suite 100<br>Westminster, CO  80031<br>Phone:      (303) 426-7336<br>Fax:          (303) 426-7411<br>E-mail       randy@armitagelaw.com | Case No.  15CV31189<br><br>Division  C |
| **FIRST AMENDED COMPLAINT** ||

COME NOW the Plaintiffs, by and through their attorneys, PAULSEN & ARMITAGE, LLC, and as and for their First Amended Complaint against the Defendants, state, allege and aver as follows:

## GENERAL ALLEGATIONS

1. At all times material to this action, the Plaintiffs were residents and domiciliaries of the State of Colorado, residing at 10801 West Powers Place, Littleton, CO and 6563 West 113th Avenue, Westminster, CO.

2. At all times material to this action, the Defendant, Haven Behavioral Services of Denver, LLC, was located at 8451 Pearl Street, Thornton, Colorado. The registered agent for service for Haven Behavioral Services of Denver, LLC is National Registered Agents, Inc., 1675

**EXHIBIT E**

Broadway, Suite 1200, Denver, CO 80202. After conferring with counsel for Haven Behavioral Services of Denver, LLC, it was learned that Vibra Hospital of Denver, LLC is a separate entity and the Haven Behavioral utilizes space in the same building the houses Vibra Hospital of Denver, LLC.

3. At all times material to this action, the Defendant, Vibra Hospital of Denver, LLC, was a foreign corporation in good standing with a business address of 8451 Pearl Street, Thornton, Colorado. The registered agent for service for Vibra Hospital of Denver, LLC, is the Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

4. Venue pursuant to Colorado Rule of Civil Procedure 98, is proper in the County of Adams.

5. Plaintiffs, Roy Stewart and Craig Stewart, are statutorily entitled to bring a claim for wrongful death as a result of the loss of their mother.

6. At all times material to this Complaint, the Plaintiffs, Craig Stewart and Roy Stewart, were the natural born children of their decedent, Patricia Rance.

7. On or about July 16, 2013, the plaintiffs' decedent, Patricia Rance, was residing at the Defendants' facility, hereinafter referred to as Haven Behavioral and Vibra Hospital.

8. While residing at this location, Plaintiff's decedent was shoved to the ground by another patient in the facility, whereupon she was transported to North Suburban Medical Center for evaluation.

9. After evaluation, Plaintiff's decedent was returned to Defendants' facility on July 17, 2013, with a diagnosis of minor injuries.

10. On July 17, 2013, Staff found Plaintiff's decedent on the floor, the victim of another assault which led to numerous injuries that had not been present the day before, including a severe pelvic fracture, a fracture left hip, a lacerated bladder, and a dislocated shoulder. She was transported to the emergency room for evaluation.

11. Plaintiff's decedent was eventually transported to Collier Hospice on July 25, 2013, where she was pronounced dead at 11:17 p.m.

12. Representatives of the Defendants, Haven Behavioral and Vibra Hospital, witnessed the initial assault by an unknown patient. Witnesses determined that Plaintiff's decedent hit her head and suffered a brief period of unconsciousness on July 16, 2013.

13.     Although the records are not very helpful, it appears that Plaintiff's decedent was attacked a second time on July 17, 2013, by the same assailant, a patient at the Defendants' facility, however, is unclear which facility, Haven Behavioral or Vibra Hospital.

14.     As a direct, proximate and foreseeable result of the attacks by the patient of the Defendants' facility, the Plaintiff's decedent suffered lethal injuries and was pronounced deceased on July 25, 2013.

WHEREFORE, the Plaintiffs pray following their final Claim for Relief.

## FIRST CLAIM FOR RELIEF
### (Premises Liability)

15.     The Plaintiffs incorporate by reference Paragraphs 1 through 14 of this Complaint as though fully contained herein insofar as they may be applicable.

16.     At all times material to this action, the Defendants were "landowners" as contemplated by C.R.S. §13-21-115, *et seq.* and were in possession of real property with responsibility for the condition of real property and for the activities conducted or circumstances existing on the real property.

17.     At all times material to this action, the Plaintiffs' decedent was an invitee of the Defendants, Haven Behavioral and Vibra Hospital.

18.     The Defendants, Haven Behavioral and Vibra Hospital, owed a duty to the Plaintiffs' decedent to protect her from dangers of which they were aware or reasonably should have been aware.

19.     On July 16, and 17, 2013, the Defendants, Haven Behavioral and Vibra Hospital, knew and/or reasonably should have known of the dangerous propensities of numerous patients who suffered from dementia/Alzheimer and were prone to violent outbursts.

20.     On July 16, 2013, Plaintiffs' decedent was assaulted requiring hospitalization, however, she was returned to Defendants' facility after being evaluated for relatively minor injuries.

21.     On July 17, 2013, Plaintiffs' decedent was returned to the hospital after what appears to be a second assault, this time with a severely fractured pelvis, a bladder laceration, a dislocated shoulder and other injuries which cumulatively proved fatal.

22.     Upon release from the hospital after the second assault, Plaintiffs' decedent was sent to hospice.

23. As a direct, proximate and foreseeable result of the actions of the Defendant and its agents, Plaintiffs' decedent lost her life.

WHEREFORE, the Plaintiffs pray for judgment in their favor and against the Defendants, and each of them, in an amount to be determined by the trier of fact, including, but not limited to, emotional distress, grievous loss, interest, costs, and funeral and burial expenses.

PLAINTIFF HEREBY REQUESTS A TRIAL TO A JURY OF SIX.

Dated this 27 day of August, 2015.

Respectfully submitted,

By: _____
Randall J. Paulsen

Plaintiffs' Address:
Craig Stewart
6563 W. 113th Avenue
Westminster, CO 80020

Roy Stewart
10801 W. Powers Place
Littleton, CO 80127