IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-02131-MSK

CRAIG STEWART, and
ROY STEWART, children of the decedent Patricia Rance,

　　　Plaintiffs,

v.

HAVEN BEHAVIORAL SERVICES OF DENVER, LLC, and
VIBRA HOSPITAL OF DENVER, LLC,

　　　Defendants.

## OPINION AND ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiffs, Craig Stewart and Roy Stewart, commenced this action in the District Court for Adams County, Colorado. The First Amended Complaint **(#4)** asserts a claim for premises liability under Colo. Rev. Stat. § 13-21-115. The Defendants, Haven Behavioral Services of Denver, LLC, and Vibra Hospital of Denver, LLC, removed the case to this Court. The Notice of Removal **(#1)** cites 28 U.S.C § 1332 as the basis for this Court's subject-matter jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

In this case, removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants. In other words, no defendant can be a citizen from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit held that the citizenship of a limited liability company is determined by reference to the citizenship of each and every one of its members.

Neither the First Amended Complaint nor the Notice of Removal establishes diversity between the Plaintiffs and Defendants. The First Amended Complaint states that the Plaintiffs are domiciled in Colorado, but contains no factual allegations with regard to the citizenship of the members of the Defendant LLCs.

The Notice of Removal offers little more. It states in Paragraph 6 that "Vibra Hospital is a foreign corporation (8451 Pearl Street Operating Company, LLC d/b/a Vibra Hospital) incorporated in Delaware," but the exhibits attached to the Notice of Removal plainly show that 8451 Pearl Street Operating Company, LLC is not a corporation, but instead a limited liability company. The same is true with regard to Haven Behavioral Services. The Notice of Removal states that in Paragraph 7 that Haven Behavioral Services Behavioral Service of Denver, LLC is a "foreign corporation incorporated in Delaware," but it appears from exhibits to the Notice that it is a limited liability company. The Notice of Removal does not identify the members of either LLC or the citizenship of any member. It states in conclusory fashion that "[n]one of the members . . . are residents of Colorado".

These allegations are close, but insufficient to establish complete diversity between the parties. It is unclear who the members of the Defendants are or what each member's citizenship is. For example, if a member of an LLC is an individual, then it is the individual's domicile rather than his/her residence that is relevant. *See Siloam Springs Hotel*, 781 F.3d at 1238 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972)). If a member is a corporation, then it is the corporation's place of incorporation and principle place of business that is relevant. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). And, if the member is another LLC or like entity, the citizenship of its members determines its citizenship. *Siloam Springs Hotel*, 781 F.3d at 1238. Ultimately, to establish diversity there must be allegations relative to the citizenship of each and every member of the Defendant limited liability companies. In the absence of sufficient allegations, the Defendants have failed to establish subject matter jurisdiction.

On this record, the Court finds that the Defendants have failed to establish the requirements for the exercise of this Court's subject-matter jurisdiction under 28 U.S.C. §1332. Accordingly, the Clerk is directed to **REMAND** the case to the District Court for Adams County, Colorado.

Dated this 2nd day of December, 2015.

**BY THE COURT:**

_____
Marcia S. Krieger
Chief United States District Judge